UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

EDDY WILDER,

    Plaintiff,

v.

ROYAL CARIBBEAN GROUP f/k/a
ROYAL CARIBBEAN CRUISES, LTD.,
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, EDDY WILDER, is a citizen of the state of Kentucky.

2. Defendant, ROYAL CARIBBEAN GROUP f/k/a ROYAL CARIBBEAN CRUISES, LTD., ("RCCL") is a foreign entity with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

- 2 -

    d.  Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

    e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f.  Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the cruise ships.

    g.  The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. Defendant RCCL, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Allure of the Seas*.

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Allure of the Seas* ("the vessel").

9. At all times material hereto, Defendant had exclusive custody and control of the vessel.

10. On or about October 23, 2021, Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

11. On or about October 23, 2021, the Plaintiff was injured when he slipped/tripped and fell on a wet and slippery flooring surface and/or obstruction in the walkway at or around the running/walking track on Level 5 aboard the ship.

- 3 -

## COUNT I – GENERAL NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

12. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

13. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to provide and/or utilize a reasonably safe walkway and flooring surface in light of the anticipated use; and/or

   b. Failure to utilize adequately safe flooring surface in light of the anticipated purpose of the deck; and/or

   c. Adopting and/or providing for public use an inadequate and/or hazardous flooring surface, in light of its intended purpose; and/or

   d. Failure to place rubber mats or other non-slip coverings or substance on or around the subject area; and/or

   e. Failure to adequately test the friction co-efficiency and slip resistance of the deck surface before opening it up to passengers and Plaintiff; and/or

   f. Failure to take any of the above mentioned precautions despite having crewmembers who observed, and/or should have observed, and corrected the dangerous condition; and/or

   g. Failure to close the running/walking track to passengers after it became wet; and/or

   h. Failure to dry the running/walking track before allowing passengers on it; and/or

i. Failure to promulgate and/or enforce adequate policies and procedures to close and/or dry the running/walking track after it becomes wet; and/or

j. Failure to adequately inspect the vessel and conduct studies of hazards, including friction co-efficiency studies of flooring surfaces which are reasonably anticipated to become wet and/or are reasonably anticipated to be used by passengers to walk and/or run; and/or

k. Failure to adequately correct the obstruction in the walkway so it was not a hazard to passengers; and/or

l. Failure to provide adequate lighting on the walkway;

m. Failure to identify the dangerous and/or hazardous condition(s) which caused Plaintiff to fall; and/or

n. Failure to use contrasting colors and patterns on the obstruction to adequately mark the hazard; and/or

o. Failure to utilize a reasonably safe flooring surface without hazards in light of the anticipated traffic and anticipated purpose of the area; and/or

p. Failure to properly mark the hazards in the area so as to adequately call passengers attention to them; and/or

q. Failure to provide a reasonably safe place to walk aboard its vessel; and/or

r. Failure to instruct passengers and Plaintiff concerning footwear; and/or

s. Failure to correct hazardous conditions following prior trip and/or slip-and-fall incidents on the same or similar walkways, decks, and/or type of flooring surface; and/or

t. Failure to incorporate applicable standards, including the ASTM and/or the Americans with Disabilities Act (ADA), to changes in levels open to passengers like the Plaintiff; and/or

u. Other acts or omissions constituting a breach of duty to use reasonable care under the circumstances which are revealed through discovery.

14. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

15. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Crick v. Royal Caribbean Cruises Ltd.*, Case No. 18-CV-21214-KMM (S.D. Fla. 2018) (running/walking track trip and fall); *Crane v. Royal Caribbean Cruises Ltd.*, Case No. 18-CV-20712-FAM (S.D. Fla. 2018) (slip and fall running/walking track); *Robinson v. Royal Caribbean Cruises Ltd.*, Case No. 21-CV-20212-MGC (S.D. Fla. 2016) (running/walking track trip and fall); *Morrison v. Royal Caribbean Cruises Ltd.*, Case No. 20-CV-24192-DPG (S.D. Fla. 2019) (obstruction in walkway); *D'Antonio v. Royal Caribbean Cruises Ltd.*, Case No. 17-CV-22902-JLK (S.D. Fla. 2017) (obstruction in walkway); Moat, Dawn - May 9, 2019 (unknown if lawsuit filed, Celebrity Constellation - slip and fall walking track). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

16. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment

of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

### COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

17. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

18. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

19. On or about the above date, the Plaintiff was on walking/running track aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

20. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to adequately warn the Plaintiff of the dangers posed by the walkway; and/or

   b. Failure to adequately warn the Plaintiff of the dangers posed by the obstruction; and/or

c.  Failure to adequately warn the Plaintiff of the existence of trip-and-fall/slip-and-fall/hazardous conditions on the walkway; and/or

d.  Failure to adequately warn passengers and Plaintiff of other fall accidents previously occurring on the same flooring surface and deck area; and/or

e.  Failure to warn Plaintiff of the wet and slippery condition of the subject area; and/or

f.  Failure to warn Plaintiff of the risks and/or dangers associated with the wet and slippery deck; and/or

g.  Failure to warn passengers and Plaintiff of other slip and fall accidents previously occurring on the same deck; and/or

h.  Failure to warn passengers and the Plaintiff of the obstruction in the walkway; and/or

i.  Failure to adequately mark and warn passengers and the Plaintiff of the obstruction in the walkway; and/or

j.  Failure to place signs and/or close off the subject area until the slipping/tripping hazard(s) were removed; and/or

k.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by the flooring surface.

21. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

22. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar

area. *See generally Crick v. Royal Caribbean Cruises Ltd.*, Case No. 18-CV-21214-KMM (S.D. Fla. 2018) (running/walking track trip and fall); *Crane v. Royal Caribbean Cruises Ltd.*, Case No. 18-CV-20712-FAM (S.D. Fla. 2018) (slip and fall running/walking track); *Robinson v. Royal Caribbean Cruises Ltd.*, Case No. 21-CV-20212-MGC (S.D. Fla. 2016) (running/walking track trip and fall); *Morrison v. Royal Caribbean Cruises Ltd.*, Case No. 20-CV-24192-DPG (S.D. Fla. 2019) (obstruction in walkway); *D'Antonio v. Royal Caribbean Cruises Ltd.*, Case No. 17-CV-22902-JLK (S.D. Fla. 2017) (obstruction in walkway); Moat, Dawn - May 9, 2019 (unknown if lawsuit filed, Celebrity Constellation - slip and fall walking track). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

23. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

## COUNT III – NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

24. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

25. At all times material hereto, it was the duty of Defendant to maintain the vessel, including the subject staircase, in a reasonably safe condition.

26. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

    a.  Failure to maintain the subject area free of trip-and-fall/slip-and-fall hazards; and/or

    b.  Failure to maintain the subject walkway free of trip-and-fall/slip-and-fall hazards; and/or

    c.  Failure to maintain the walkway free of obstructions; and/or

    d.  Failure to maintain the obstruction so it did not pose a hazard to passengers; and/or

    e.  Failure to maintain the area in and around the track in a clean and dry condition; and/or

    f.  Failure to adequately and regularly monitor the deck and walkways of the track with sufficient frequency, so as to maintain the flooring surface in a clean and dry condition; and/or

    g.  Failure to adequately and regularly inspect the track so as to identify and correct any slip and fall hazards; and/or

    h.  Failure to adequately and regularly maintain the track; and/or

    i.  Failure to regularly and adequately clean the track; and/or

    j.  Failure to adequately inspect the area where Plaintiff's incident occurred for slipping/tripping hazards; and/or

    k.  Failure to adequately, timely, and regularly inspect and maintain the flooring surface in a reasonably safe condition, including, but not limited to, in a clean and dry condition and free of slipping/tripping hazards; and/or

    l.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of slipping/tripping hazards; and/or

    m.  Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject flooring surface in a reasonably safe condition.

27. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

28. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Crick v. Royal Caribbean Cruises Ltd.*, Case No. 18-CV-21214-KMM (S.D. Fla. 2018) (running/walking track trip and fall); *Crane v. Royal Caribbean Cruises Ltd.*, Case No. 18-CV-20712-FAM (S.D. Fla. 2018) (slip and fall running/walking track); *Robinson v. Royal Caribbean Cruises Ltd.*, Case No. 21-CV-20212-MGC (S.D. Fla. 2016) (running/walking track trip and fall); *Morrison v. Royal Caribbean Cruises Ltd.*, Case No. 20-CV-24192-DPG (S.D. Fla. 2019) (obstruction in walkway); *D'Antonio v. Royal Caribbean Cruises Ltd.*, Case No. 17-CV-22902-JLK (S.D. Fla. 2017) (obstruction in walkway); Moat, Dawn - May 9, 2019 (unknown if lawsuit filed, Celebrity Constellation - slip and fall walking track).. Alternatively, the foregoing

conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

29. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

Dated: October 4, 2022

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Michael A. Winkleman*
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**MARC E. WEINER**
Florida Bar No. 91699
mweiner@lipcon.com